FILED

2005 Nov-07  PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JERRY TUCKER, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **CASE NO.: CV-05-1291-VEH** |
| | ] | |
| **CITY OF DECATUR, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OF OPINION

## Introduction

This is a civil action filed under 42 U.S.C. §§1983 and 1985, and Alabama state claims of conversion, interference with contractual relations/business, false arrest, detention and imprisonment, and personal injury/battery.  The case arises out of the allegedly wrongful execution of a search warrant at the property of Plaintiff Jerry Tucker and the allegedly wrongful subsequent arrests of numerous persons on drug and other charges at or near Tucker's property.  Also at issue is the decision by the Community Development Department of the City of Decatur to condemn, as uninhabitable and unsafe, a mobile home and structure allegedly owned by Plaintiff Tucker at one of the locations involved in the allegedly wrongful execution of the search warrant.

There are fifteen named plaintiffs and the Defendants are the City of Decatur, Alabama; Joel Gilliam, Police Chief of City of Decatur; three named police officers for the City of Decatur; and David Lee and Michelle Jordan of the Community Development Department for the City of Decatur.   This case is presently before the Court on the Defendants' Motion to Dismiss.  (Doc. 2).

## Standard of Review

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002)(citing *GJR Invs., Inc. V. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue*

*Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)(emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).   "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

### Allegations of the Complaint

The Complaint alleges that:

8.     On or about May 4, 2005, the Decatur Police Department, executed a search at 1212 22nd Avenue SW, Decatur, Alabama. The alleged target of the search was a person believed to be a person by the name of "Victor Kirby", and described in the warrant was simply a black male known as "Vic". The affidavit for a search warrant was proffered to the Honorable Billy Cook, Municipal Court Judge for the City of Decatur, Alabama and signed by him @ 6:43 pm May 4th, 2005. The search is believed to have commenced at 2020 mt and concluded at 2145 mt. The search warrant return for this property indicates locating some "marijuana roaches". (A true and accurate Copy of that Warrant

3

and Affidavit is attached to this complaint as Exhibit A)

9.    Notwithstanding the the [sic] directives in the search warrant, the

Decatur Police Department, through its officers or persons

involved in the search, did enter the adjacent property, a

manufactured home, located at 1214 22nd Avenue SW, Decatur,

Alabama without the benefit of a search warrant and searched the

adjacent premises and structures or buildings.   This search

apparently commenced at 2020 mt as well.  (A true and accurate

copy of the "Evidence Log" is attached as Exhibit B)

10.    As a result of the searches, the Decatur Police Department did

summon or contact the Community Development Department for

the City of Decatur, Alabama for alleged inspection and

condemnation of both properties, in which David Lee, did come

to the scene and place placards on the manufactured home

declaring it unsafe for occupancy.  A deficiency notice was also

placed on the manufactured home. (A sample/copy of the placard

and deficiency notice is attached herein as Exhibits C and D) It is

alleged herein that the City of Decatur and through its agents have no authority or jurisdiction over the manufactured home, and such condemnation at the request of the Decatur Police Department is part of an unlawful practice and procedure to deprive and impair the use and benefit of property.  It is further alleged, that if such authority or jurisdiction exists, the defendants cannot restrain or impair correction of defects alleged or impair access or other lawful uses of the property or its structures not otherwise condemned for lawful purposes, all of which the defendants are doing at the time of this complaint.

11.   As a result of the search of the target residence, 1 plaintiff was arrested, to wit: Victor Kirby (Loitering).  As a result of the warrantless searched property there were three (3) of the plaintiffs arrested, to wit: George Hodges (Loitering, Paraphernalia and Possession of Marijuana 2); Andre Cater (Loitering) and Thomas Tucker, III (Loitering) and two other individuals whom [sic] is presently unknown.  The plaintiff at the time of arrest where [sic] call vile names and including black MF (a racial slur) and

excessive forces [sic] were used against the person of Andre Cater, personally injuring him, and personal property of Jerry Tucker was stolen converted or damaged.

12.     The following day, on or about May 5, 2005, the Decatur Police Department, did arrest, 11 plaintiffs for "Criminal Trespassing Third Degree" (13A-7-4 Alabama Code) and 2 plaintiffs for "Failure of Disorderly Persons to Disburse [sic]"  (13A-11-6 Alabama Code).   The Plaintiffs at the time of arrests were committing no public offenses nor violating any laws, were not occupying any structure or building.  They were doing innocuous things such as playing dominoes and socializing.  In fact, two of the plaintiffs were in the parking lot of a church simply observing events transpiring.  During the arrest, the plaintiffs were called names, including niggers, blacks MF's (racial slurs), and drug dealers, cursed, had weapons branished [sic] placing the plaintiffs in great fear of their safety, were accused of being drug dealers or users in a public media (someone apparently summoned the news media), defamed in their reputations and community status.

*Complaint*, at 2-3.

## Analysis

### A.      Claims of Plaintiff Dennis Allen

Plaintiff Dennis Allen voluntarily consents to all of his claims being dismissed.

Accordingly, the Defendants' motion will be **GRANTED** as to the claims of Dennis

Allen.  All claims of said Plaintiff will be **DISMISSED, with prejudice**.


### B.      Official Capacity Suits

All Defendants are sued both individually and in their official capacity.  In

addition, the City of Decatur is sued.  All of the named Defendants are officers or

employees of the City of Decatur.  "[O]fficial-capacity suits generally represent only

another way of pleading an action against the entity of which the officer is an agent."

*Brandon v. Holt*, 469 U.S. 464, 472 n. 21 (1985). *See Monell v. Department of Social*

*Services*, 436 U.S. 658, 690 n. 55 (1978). Such suits are "in actuality, suits directly

against [the governmental entity] that the officer represents." *Busby v. City of*

*Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991), citing *Kentucky v. Graham*, 473 U.S.

159, 165-66 (1985). Because the City of Decatur is a separately named defendant in

this action, Plaintiffs' official capacity claims against the Defendants are superfluous

and redundant. *Busby*, 931 at 776. ("Because suits against a municipal officer sued

in his official capacity and direct suits against municipalities are functionally

equivalent, there no longer exists the need to bring official-capacity actions against

local governmental officials, because local government units can be sued directly .

. .").[1]

The Motion to Dismiss will be **GRANTED** as to all Counts as brought against

all individual Defendants to the extent the Complaint is brought against the

Defendants in their official capacities.

**C.    Count Two [Conspiracy to Violate the Plaintiffs' Constitutional
         Rights In Violation of 42 U.S.C. § 1985]**

In Count Two of their complaint in this case, Plaintiffs assert claims under 42

U.S.C. § 1985 alleging that the Defendants jointly conspired to deprive the Plaintiffs

of their federal constitutional rights. The individual Defendants are all either officers

or employees of the City of Decatur, Alabama. Because such is the case, the

Plaintiffs' § 1985 conspiracy claims are barred by the intracorporate conspiracy

doctrine. In *Dickerson v. Alachua County Commission*, 200 F. 3d 761 (11th Cir.

2000), the Eleventh Circuit considered the application of the intracorporate

conspiracy doctrine to claims brought under 42 U.S.C. § 1985. The Eleventh Circuit

---

[1]The Plaintiffs do not dispute this contention in their brief.

held that a § 1985 claim was barred because all of the alleged co-conspirators were

officers or employees of a single governmental unit. The Eleventh Circuit stated:

> Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation. This doctrine stems from basic agency principles that "attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 603 (5th Cir. 1981); *see also United States v. Hartley*, 678 F.2d 961, 970 (11th Cir. 1982). The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself. *See Dussouy*, 660 F.2d at 603 (explaining that "the multiplicity of actors necessary to conspiracy" is negated when the agents' acts are attributed to the corporation and the corporation and its agents are viewed as a single legal actor); *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952) (stating that "[a] corporation cannot conspire with itself any more than a private individual can"). This doctrine has been applied not only to private corporations but also to public, government entities. *See Chambliss v. Foote*, 562 F.2d 1015 (5th Cir. 1977), aff'g, 421 F. Supp. 12, 15 (E.D.La. 1976) (applying the intracorporate conspiracy doctrine to bar a § 1985(3) claim against a public university and its officials); *see also Wright v. Illinois Dept. of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994) (holding that intracorporate conspiracy doctrine applies not just to private entities but also to government agencies such as the Department of Children and Family Services); *Runs After v. United States*, 766 F.2d 347, 354 (8th Cir. 1985) ("The Tribal Council as an entity or governmental body cannot conspire with itself.") [footnotes omitted.]

*Id.* at 767.

The Eleventh Circuit has also recently considered this issue in *Denney v. City*

*of Albany*, 247 F. 3d 1172 (11th Cir. 2001). The Eleventh Circuit in *Denney*

reaffirmed its prior holding in *Dickerson* that the intracorporate conspiracy doctrine

bars claims under § 1985. The Eleventh Circuit stated:

> Moreover, Plaintiff's conspiracy claim fails under the intracorporate conspiracy doctrine. "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F. 3d 1031, 1036 (11th Cir. 2000) (en banc). The doctrine applies to public entities such as the City and its personnel. *See Dickerson v. Alachua County Comm'n*, 200 F. 3d 761, 768 (11th Cir. 2000) (rejecting employee's § 1985(3) claim on that basis where employee alleged civil conspiracy among solely County employees); *Chambliss v. Foote*, 562 F. 2d 1015 (5th Cir. 1977), aff'g, 421 F. Supp. 12, 15 (E.D. La. 1976) (applying intracorporate conspiracy doctrine to shield the public university from § 1985(3) liability in a civil conspiracy claim); compare *McAndrew*, 206 F. 3d at 1038-39 (doctrine inapplicable to criminal conspiracy allegations under § 1985(2)). Here, the only two conspirators identified by Plaintiffs – Fields and Jackson – are both City employees; no outsiders are alleged to be involved. The alleged subject of their conspiracy – non-criminal manipulation of the promotion process to deprive white employees of promotional opportunities – relates to their performance of their official, not personal, duties. Accordingly, because Fields and Jackson were both effectively acting as the City itself when they entered into their alleged illicit agreement, there can be no claim against them under § 1985, and the district court's rejection of that claim, like its rejection of the Title VII claim, must be affirmed. (footnote omitted).

*Id*. at 1190-91.

Because all of the individual Defendants in this action are officers or

employees of the City of Decatur, Alabama, there can be no actionable conspiracy §

1985 claim in this case as a matter of law. Any such claim is barred by the

intracorporate conspiracy doctrine.   The Motion to Dismiss will be **GRANTED** as

to the Section 1985 claims.

### D.    Count One [Violation of 42 U.S.C. § 1983]

#### 1.    Against the Individual Defendants

On September 15, 2005, this Court entered an Order (doc. 12) giving Plaintiffs

30 days from the date of the order to file an amended Complaint setting forth the

required factual detail to satisfy the heightened pleading requirements for the § 1983

claim as to the alleged specific conduct of each individual Defendant and to set forth

applicable case law to satisfy their burden as it pertains to qualified immunity.  The

period to file has passed and Plaintiffs have failed to file an amended Complaint.

Therefore, the Defendants' Motion to Dismiss will be **GRANTED** as to the § 1983

claims against all Defendants in their individual capacities.

#### 2.    City of Decatur

A municipality is not subject to § 1983 liability under the doctrine of

respondeat superior based upon the alleged unconstitutional conduct of its employees.

*Monell v. Department of Social Services*, 436 U.S. 658, 691-92 (1978) ("In particular,

we conclude that a municipality cannot be held liable solely because it employs a

tortfeasor – or, in other words, a municipality cannot be held liable under 1983 on a respondeat superior theory."; *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("respondeat superior or vicarious liability will not attach under 1983."); *see also Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Rather, it is only "when execution of a government's policy or custom, whether made  by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, that the government as an entity is responsible under 1983." *Monell*, 436 U.S. at 694. Consequently, in the absence of any allegation that a "policy" or "custom" of the municipality caused the injuries or damages alleged, a § 1983 plaintiff's complaint fails to state a viable claim of liability against a municipality. *See, e.g., Fullman v. Graddick*, 739 F.2d 553, 563 (11th Cir. 1984).

The Complaint in this case solely alleges that the City is subject to § 1983 liability premised upon the allegedly unconstitutional conduct of the Police Chief, City police officers and employees of the City's Community Development Department.[2] None of the Defendants are alleged to be policymakers of the City.  The Motion to Dismiss will be **GRANTED** regarding the § 1983 claims against the City of Decatur.

---

[2]The Plaintiffs do not dispute this argument in their submission.

**E.      Counts 3, 4, 5, 6, and 8**

Under § 11-47-190 Code of Alabama (1975), municipal liability in Alabama is limited to two classes. The first is liability for street defects. The second is respondeat superior liability resulting from the allegedly wrongful conduct of a municipality's agents, employees or officers. *See City of Lanett v. Tomlinson*, 659 So. 2d 68, 70 (Ala. 1995).

Section 11-47-190, Code of Alabama (1975), limits the respondeat superior liability of municipalities to claims arising out of the "neglect, carelessness or unskillfulness of some agent, officer or employee of a municipality engaged in work therefor and while acting in the line of his or her duty." This limitation of liability contained in § 11-47-190 limits the vicarious liability of Alabama municipalities to negligence-based claims only. *See Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1213 (M.D. Ala. 2000) ("[Under § 11-47-190], a city's liability is limited to negligence-based claims only."); *City of Prattville v. Post*, 831 So. 2d 622, 627, n.7 (Ala. Civ. App. 2002) ("Section 11-47-190, Ala. Code 1975, limits monetary damages against a municipality to those claims alleging negligence.").

Accordingly, as to the City, the Motion to Dismiss will be **GRANTED** as to Counts 3, 4, 5, and 6, except to the extent that these Counts limit the respondeat superior liability of the City to claims arising out of the "neglect, carelessness or

unskillfulness of some agent, officer or employee of a municipality."  All claims

against the City contained in Count 8 will be **DISMISSED.**

     **DONE**, this 7th day of November, 2005.


                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge