# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JERRY TUCKER, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | **CASE NO.: CV-05-1291-VEH** |
| ] | |
| **CITY OF DECATUR, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OF OPINION

I.   Introduction

This is a civil action filed under 42 U.S.C. §§ 1983 and 1985, with Alabama state claims of conversion, interference with contractual relations/business, false arrest, detention and imprisonment, and personal injury/battery. On June 14, 2005, the case was removed from the Circuit Court of Morgan County, Alabama.

The case arises out of the allegedly wrongful execution of a search warrant at the property of Plaintiff Jerry Tucker and subsequent arrest of numerous persons on drug and other charges at or near Tucker's property. Also at issue is the decision by the Community Development Department of the City of Decatur to condemn, as uninhabitable and unsafe, a mobile home structure allegedly owned by Plaintiff Tucker at one of the locations involved in the allegedly wrongful execution of the

search warrant.

There are fifteen named plaintiffs and the defendants are the City of Decatur, Alabama; Joel Gilliam, Police Chief of City of Decatur; three named police officers for the City of Decatur; and David Lee and Michelle Jordan of the Community Development Department for the City of Decatur.

By Order entered November 7, 2005 (doc. 14), this Court granted Defendants' Motion to Dismiss with respect to all federal claims asserted in this action. Presently pending before the Court is Defendants' Renewed Motion to Dismiss Based on Abstention (doc. 15) filed November 9, 2005.[1] By their motion, Defendants argue that Plaintiffs' claims are precluded by the *Younger* abstention doctrine enunciated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), because Plaintiffs are being prosecuted in the Municipal Court for the City of Decatur for the same criminal charges that have been made the subject of the complaint in this action.[2] For

---

[1]To the extent that Plaintiffs argue that the doctrine of *res judicata* bars further consideration of the abstention issue because the Court's November 7, 2005 Order denied Defendants' initial Motion to Dismiss Based on Abstention, that argument is in error. The motion that was before the Court, and considered by the Court in its Order and Memorandum of Opinion of November 7, 2005, was Defendants' motion to dismiss for failure to state a claim filed June 20, 2005 (doc. 2). *See* Doc. 13 at 2 ("This case is presently before the Court on defendants' motion to dismiss. (Doc. 2)."). Defendants' initial motion to dismiss based on abstention (Doc. 5) has not been considered or ruled upon.

[2]The Defendants request in the alternative that all claims arising from Plaintiffs' arrests and prosecution be stayed pending final resolution of the Plaintiffs' criminal proceedings in state court.

the reasons stated herein, Defendants' motion is due to be **GRANTED** and this action is **REMANDED** to the Circuit Court for Morgan County.

II.   Discussion

Pursuant to the *Younger* abstention doctrine, federal courts should abstain from interfering with ongoing state criminal, civil, and administrative proceedings. *Abusaid v. Hillsborough County Board of County Com'rs*, 405 F.3d 1298 (11th Cir. 2005). The Eleventh Circuit has previously indicated its approval of the application of the abstention doctrine in *Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). According to the Eleventh Circuit, where the same issues are raised in both state and federal courts and the parties will have a full and fair opportunity to raise such issues in state court, federal abstention is proper until the state court has decided the relevant issues. *Doby,* 758 F. 2d at 1406.

Here, thirteen of the fourteen named plaintiffs are being prosecuted for the same criminal charges that have been made the subject of this civil complaint. These criminal proceedings are ongoing and arise out of the same facts as the instant case. Accordingly, said Plaintiffs either have had or will have a fair and full opportunity to raise in the criminal proceedings any constitutional claim or other claims they have asserted in this action regarding the legality of their arrests or prosecution. Defendants' motion to dismiss is therefore due to be **GRANTED** as to all matters

raised in this Complaint that are the subject of the pending state prosecutions.

Upon granting Defendants' motion, the Court notes that only Plaintiff Jerry Tucker's supplemental state law claims remain before this Court for resolution.[3] There being only one remaining Plaintiff and no remaining federal claims, the Court now considers whether it should retain jurisdiction over Plaintiff Tucker's pendent state law claims or decline to exercise jurisdiction and remand the case to the appropriate state court.

Whether remand is appropriate is guided by traditional principles of pendent jurisdiction as set forth in the United States Supreme Court cases of *Mine Workers v. Gibbs,* 383 U.S. 715 (1966) and *Carnegie-Mellon v. Cohill*, 484 U.S. 343 (1988).

> "Under *Gibbs* [and *Carnegie-Mellon*], a federal court should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims.  When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice [or by remanding the case to the appropriate state court]."

*Gibbs*, 383 U.S. at 726-727.

Weighing the considerations of economy, convenience, fairness, and comity

---

[3]The claims of Plaintiff Jerry Tucker do not arise out of any arrest and therefore were not made the subject of Defendants' Motion to Dismiss.  (Doc. 16).

in the instant case, this Court concludes that remand of Plaintiff Tucker's remaining state law claims is appropriate and specifically authorized by *Gibbs* and *Carnegie-Mellon*. First, economy and convenience weigh in favor of remand as this case is in the pretrial stage. As the Supreme Court stated in *Carnegie-Melon*, "[w]hen the . . . federal law claim in the action [is] eliminated at an early stage of litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction." 48 U.S. at 351. "Indeed, if the federal claims are dismissed prior to trial," district courts are "strongly encourage[d] or even require[d] [to] dismiss[] the state law claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (citing *Gibbs*, 383 U.S. 715 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")). Moreover, because only Alabama state law claims remain, comity weighs strongly in favor of remand because the deciding court will be required to interpret issues of state law, all of which are best suited for determination by the state court. Lastly, principles of fairness would not be offended were this case to be remanded.

> Fairness in the context discussed by *Carnegie-Mellon* is addressed . . . to the issue of forum shopping. The *Carnegie-Mellon* court specifically recognized that the plaintiff's use of manipulative tactics to secure a state forum in which to try the case is a factor a district court can consider when deciding whether to remand a case. This concern by the

> *Carnegie-Mellon* Court involved situations where federal claims had been eliminated late in a case in order to secure another judge (i.e. a state court judge) to try a case after the federal court has expended significant resources.

*Lake County v. NRG/Recovery Group, Inc.*, 144 F.Supp.2d 1316, 1321 (M.D. Fla. 2001) (citing *Carnegie-Mellon*, 484 U.S. at 357).

Such a concern would be relevant here had the dismissal of Plaintiff's federal law claims occurred at a later stage of litigation and been a product of Plaintiff's own doing. In this case, however, Plaintiff's federal law claims were dismissed in the initial pleading stages pursuant to this Court's November 7, 2005 Order. "[T]herefore, the traditional aversion of federal courts to forum shopping is not substantially implicated." *Id*.

Accordingly, having considered and weighed the economy, convenience, fairness and comity of a remand, the Court concludes that it is appropriate to exercise its discretion and remand this action to the Circuit Court for Morgan County.

III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Based on Abstention is **GRANTED** and this action is **REMANDED** to the Circuit Court of Morgan County. A separate order will be entered.

**DONE** this 16th day of December, 2005.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge